```
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

Christopher L. Legere


     v.                                Civil No. 10-cv-013-PB

Richard M. Gerry, Warden,
New Hampshire State Prison


                             **O R D E R**

     Christopher Legere has filed a petition for a writ of habeas corpus (document no. 1) pursuant to 28 U.S.C. § 2254 and a Motion to Stay (document no. 3).  The matter comes before me for preliminary review to determine, among other things, whether the petition is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); see also United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

                           Standard of Review

     Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(2).  In

conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

## Background

On February 16, 2007, Christopher Legere was convicted of second degree murder after a trial.  On May 10, 2007, he was sentenced to 45-90 years in prison.  Legere appealed his conviction to the New Hampshire Supreme Court ("NHSC"), challenging the admission of certain evidence at his trial.  The NHSC affirmed Legere's conviction on October 15, 2008.  See State v. Legere, 157 N.H. 746, 958 A.2d 969 (2008).

Legere then returned to the Superior Court to pursue post-conviction litigation.  On March 31, 2009, Legere filed a motion in the Superior Court requesting court-appointed counsel to

represent him in his post-conviction litigation.  The motion was granted on May 27, 2009.  Legere states, however, that since that time, his court-appointed attorney has not filed any action in the Superior Court and has had no meaningful contact with Legere since his appointment.  Legere filed a Motion to Clarify Status of Counsel in the Superior Court on December 8, 2009, arguing that his court-appointed attorney's failure to file any action on his behalf was endangering his ability to file a timely federal habeas petition.  That motion was still pending at the time Legere filed the instant petition in this Court.

    Legere now raises the following six claims for relief:

1. The trial court violated Legere's Sixth Amendment right to confront the evidence against him by admitting a witness' out-of-court identification of Legere through a police officer;

2. The prosecutor engaged in misconduct that rendered Legere's trial so unfair as to constitute a violation of his Fourteenth Amendment due process rights and his Sixth Amendment right to a fair trial by:

    a. stating facts not in evidence;

    b. vouching for the credibility of prosecution witnesses by asserting personal opinions as to the veracity of their testimony;

    c. asserting personal opinions as to Legere's guilt;

    d. asserting personal opinions bolstering the veracity of certain evidence;

3. The admission of expert testimony and evidence regarding Legere's membership in and association with the Outlaws Motorcycle Club rendered his trial so unfair as to constitute a violation of his Fourteenth Amendment due process rights and his Sixth Amendment right to a fair trial, as that evidence was irrelevant and inflammatory, introduced charged and uncharged misconduct of Legere's associates, amounted to improper propensity or character evidence, and was unnecessary as the information in question did not fall outside the understanding of the average juror;

4. The admission of hearsay evidence of a deceased declarant through a police detective violated Legere's Sixth Amendment right to confront the evidence against him;

5. Legere's Sixth Amendment right to the effective assistance of counsel was violated when his trial counsel:

    a. failed to object to multiple instances of prosecutorial misconduct that rendered Legere's trial fundamentally unfair;

    b. failed to object to the admission of irrelevant and highly prejudicial testimony;

    c. failed to object when inadmissible and highly prejudicial testimony and evidence was introduced in a manner and for purposes that fell outside the trial court's rulings regarding the permissible use of the evidence; and

6. Legere's Fourteenth Amendment due process rights and Sixth Amendment right to a fair trial were violated when he was convicted by evidence that was insufficient to prove the elements of the charged offenses beyond a reasonable doubt.

Legere concedes that the claims numbered 2 - 6 above have not yet

been presented to the state courts.  The remaining claim, numbered 1 above, was raised in Legere's direct appeal.  See id.

## Discussion

To be eligible for habeas relief, Legere must show that he is in custody, and that he has either exhausted all of his state court remedies for each claim raised, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  Legere is incarcerated pursuant to a sentence imposed for the conviction challenged here, and thus meets the custody requirement for filing a habeas petition.

"A habeas petitioner in state custody may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court."  Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002).  "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal

claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted); Picard v. Connor, 404 U.S. 270, 277-78 (1971) (to satisfy exhaustion requirement petitioner must have fairly presented the substance of his federal claim to the state courts).  A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).

The purpose of a "fair presentation" requirement is to "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim.'"  Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard, 404 U.S. at 276-77).  A habeas petitioner may fairly present a claim by doing any of the following: "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'"

<u>Dutil v. Murphy</u>, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted), <u>cert. denied</u>, ___ U.S. ___, 129 S. Ct. 2064 (2009).  In some circumstances, a petitioner can prove that he has exhausted a federal issue by showing that he cited state court decisions that rely on federal law, or he articulated a state claim that is indistinguishable from one arising under federal law.  <u>See</u> <u>Nadworny v. Fair</u>, 872 F.3d 1093, 1099-1102 (1st Cir. 1989).  The petitioner has the burden of demonstrating that the state and federal claims are so similar that asserting only the state claim probably alerted the state court to the federal aspect of the claim.  <u>See</u> <u>id.</u> at 1100.

"[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to <u>each and every claim</u> contained within the application."  <u>Adelson</u>, 131 F.3d at 261 (emphasis added).  As previously noted, Legere's claims numbered 2 - 6 above have not yet been exhausted in the state courts, while his claim numbered 1 above, was exhausted in Legere's direct appeal.  <u>See</u> <u>id.</u>, 157 N.H. at 752-54, 958 A.2d at 975-976.  Legere's petition, therefore, presently contains both exhausted and unexhausted

federal claims.  If Legere were to  press his petition without first exhausting all of the claims contained therein, or voluntarily dismissing his presently unexhausted claim, the Court would be forced to dismiss the entire petition.  See Nowaczyk v. Warden, 299 F.3d 69, 75 (1st Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 513-21 (1982)).  Where a petition contains both exhausted and unexhausted claims, the proper course of action may be to stay the petition pending the exhaustion of all of the claims contained therein.  See Rhines v. Weber, 544 U.S. 269, 278 (2005) (district court should stay mixed petition containing both exhausted and unexhausted claims if petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

## Conclusion

Legere must amend his petition to demonstrate exhaustion of the presently unexhausted federal constitutional claims.  To that end, Legere must:

   1.   Return to the state courts to exhaust the unexhausted

claims.[1]  Petitioner has moved to stay this action.  The Motion to Stay (document no. 3) is granted and this matter is stayed.

    2.  Legere must file his state court action within sixty days of the date of this Order.  While this matter is stayed, Legere must notify this Court of the status of the state court proceedings every ninety days.  Once the NHSC has issued a final decision in the state court matter, Legere must so notify this Court within thirty days of that decision, providing this Court, at that time, with complete copies of documents filed in the state courts demonstrating that the presently unexhausted claims, including the federal nature of the claims, have been exhausted in the state courts.  Legere should also provide this Court with complete copies of any orders or opinions issued by the state courts relative to the claims.

    Should Legere fail to amend his petition as directed, or otherwise fail to comply with this Order, the petition may be dismissed for failure to demonstrate exhaustion.  See 28 U.S.C. § 2254(b).

---

[1] Petitioner should be advised that he also has the option to forego, in writing, his unexhausted claims.  Legere should be advised, however, that were he to opt to forego his unexhausted claims, he will likely be unable to raise these claims in a future habeas action, due to the prohibition against second or successive habeas petitions.  See 28 U.S.C. § 2244.

**SO ORDERED.**

                                <u>/s/ Justo Arenas</u>
                                Justo Arenas
                                United States Magistrate Judge

Date:     January 27, 2010

cc:       Christopher L. Legere, pro se
           James Moir, Esq. (courtesy copy)

JA:jba