UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Christopher Legere

    v.                                                          Civil No. 10-cv-13-PB

Richard Gerry, Warden,
New Hampshire State Prison

**O R D E R**

Before the court is Christopher Legere's motion to amend his habeas petition (doc. no. 13).  Legere seeks to add claims to his pending habeas petition alleging that his Sixth and Fourteenth Amendment rights to the effective assistance of appellate counsel were violated when his appellate counsel failed to raise certain claims in Legere's direct appeal.  For the reasons explained herein, the motion to amend (doc. no. 13) is granted, and the stay in this matter is continued.

**Background**

Legere filed a petition for a writ of habeas corpus in this court, pursuant to 28 U.S.C. § 2254, raising six claims for relief (doc. no. 1).  Those claims are numbered 1-6 and are set forth in an Order issued on January 27, 2010 (doc. no. 6) at pp. 4-6.  This action has been stayed to allow Legere to fully exhaust those claims in the state courts (doc. no. 6).  During the stay, Legere has provided the court with regular status

updates indicating that he has diligently pursued exhaustion in the state courts, and that those efforts are continuing (doc. nos. 8 - 12). In Legere's motion to amend (doc. no. 13), Legere states that a hearing was held in the state Superior Court on May 24, 2011, in Legere's state post-conviction proceedings. At that hearing, Legere determined that his appellate counsel had been ineffective in failing to raise certain claims during Legere's direct appeal.

Legere now seeks to add claims to his petition seeking federal habeas relief on the grounds that his appellate counsel provided him with ineffective assistance of appellate counsel, in violation of Legere's Sixth and Fourteenth Amendment rights. Legere also seeks to continue the stay in this case to allow him to exhaust the added claims in the state court. The claims Legere seeks to add to the petition are as follows[1]:

7. Legere was denied the effective assistance of appellate counsel in his direct appeal, in violation of his Sixth and Fourteenth Amendment rights, when his appellate attorney failed to investigate and raise certain meritorious

---

[1] In order to avoid confusion with the six claims enumerated in the court's January 27, 2010 Order (doc. no. 6), the additional claims Legere seeks to add will be numbered beginning with number 7. The claims, as identified herein, will be considered to be the claims raised in the motion to amend, and added to the petition, for all purposes. If Legere objects to this identification of these claims, he must do so by properly moving for reconsideration of this order, or by moving to amend his petition.

2

claims regarding prosecutorial misconduct that denied Legere his federal constitutional right to a fair trial, for

    a.   the prosecutor's improper remarks in opening and closing statements;

    b.   the prosecutor's statement of facts not in evidence;

    c.   the prosecutor's assertion of a personal opinion as to the credibility of a witness;

    d.   the prosecutor's assertion of a personal opinion as to Legere's guilt; and

    e.   the prosecutor's assertion of a personal opinion intended to improperly bolster the evidence against Legere;

8.   Legere was denied the effective assistance of appellate counsel in his direct appeal, in violation of his Sixth and Fourteenth Amendment rights, when his appellate attorney failed to investigate and raise a meritorious claim alleging the improper admission of expert testimony regarding Legere's membership in the Outlaws Motorcycle Club, which rendered the trial unfair in violation of Legere's federal constitutional rights; and

9.   Legere was denied the effective assistance of appellate counsel in his direct appeal, in violation of his Sixth and Fourteenth Amendment rights, when his appellate attorney failed to investigate and raise meritorious claims

regarding the constitutionally ineffective assistance of counsel Legere received at trial when his trial attorney:

    a.   failed to object to prosecutorial misconduct;

    b.   failed to object to "gang evidence"; and

    c.   failed to request a limiting instruction on the permissible use of gang-related expert testimony.

## Discussion

"A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). As this petition has not yet been served, and the court finds that claims 7 - 9, as identified above, are appropriate to raise in this habeas action, Legere's petition shall be amended to include those claims, including all of their subparts. Legere concedes these claims are not yet exhausted, as required by 28 U.S.C. § 2254(b)(1)(A). Accordingly, the stay already in place in this matter will remain in place pending exhaustion of all nine claims in the petition, and their subparts. Legere is directed to continue to file a status report every ninety days advising this court of the status of his exhaustion efforts.

**Conclusion**

Legere's motion to amend (doc. no. 13) is GRANTED. The court further directs as follows:

1. Claims 7-9, as identified and enumerated above, will be added to the petition.

2. The stay in this matter remains in effect.

3. Legere is directed to continue to pursue exhaustion of his claims in the state courts and to continue to file status reports in this court every ninety days, advising this court as to the status of Legere's exhaustion efforts.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: June 22, 2011

cc: Christopher Legere, pro se

LBM:jba