```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Christopher Legere

    v.                                    Civil No. 10-cv-13-PB

Edward Reilly, Warden,
Northern New Hampshire
Correctional Facility[1]


### O R D E R

    Before the court is Christopher Legere's amended petition for a writ of habeas corpus (doc. no. 27), filed pursuant to 28 U.S.C. § 2254.  A stay entered in this action to allow the petitioner to exhaust his claims in the state courts has now been lifted, and the amended petition is before the court for preliminary review.  See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts (§ 2254 Rules).

    Legere's amended petition includes claims for relief, with subparts, numbered Grounds 1–3.[2]  The court finds that Legere has demonstrated exhaustion of the claims asserted in the amended

---

[1] The proper respondent to this action is Edward Reilly, the warden of the Northern New Hampshire Correctional Facility, where petitioner is presently incarcerated.

[2] The grounds asserted in the amended petition (doc. no. 27) correspond to the claims numbered 2, 3, and 5 in the court's January 27, 2010, order (doc. no. 6).

petition, and accordingly, that this action may proceed.[3]

## Conclusion

1.  The clerk's office is directed to amend the docket in this matter to reflect that Edward Reilly is the proper respondent to this action.

2.  The amended petition (doc. no. 27) shall be served upon respondent Edward Reilly, warden of the Northern New Hampshire Correctional Facility.  The clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, electronic copies of this Order, and Legere's amended habeas petition (doc. no. 27), including the attachments filed with the amended petition.

3.  Respondent shall file an answer or other pleading in response to the allegations made in the amended petition within

---

[3] In Legere's original habeas petition (doc. no. 1), he asserted six claims, numbered 1-6 in the court's January 27, 2010, order (doc. no. 6).  On June 22, 2011, the court issued an order (doc. no. 14) adding three claims, numbered 7-9 therein, to Legere's habeas petition.  Legere has now foregone (doc. no. 29) claims 1 and 6.  In his amended petition (doc. no. 27) Legere has not included the claims the court previously identified as claims 4 and 7-9.  If Legere intends to pursue those claims, which appear to be exhausted, he must move to amend the petition to add those claims to this case.

thirty days of service.  The answer shall comply with § 2254 Rule 5 (setting forth contents of the answer).  The respondent shall thereafter comply with LR 7.4.

    4.   Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to respondent's attorney(s).

    SO ORDERED.

                                         /s/Paul Barbadoro
                                         Paul Barbadoro
                                         United States District Judge

April 21, 2014

cc:   Christopher Legere, pro se