**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

<u>**Christopher Legere**</u>

      **v.**

<u>**Edward Reilly, Warden,**</u>
<u>**Northern New Hampshire**</u>
<u>**Correctional Facility**</u>

Case No. 10-cv-13-PB
Opinion No. 2015 DNH 046

<u>**MEMORANDUM AND ORDER**</u>

Before the court is respondent's motion for summary
judgment (doc. no. 37), and supplemental brief related to that
motion (doc. no. 41), seeking judgment as a matter of law on all
claims asserted in Christopher Legere's amended petition for a
writ of habeas corpus (doc. no. 27), filed pursuant to 28 U.S.C.
§ 2254.  Legere objects.  <u>See</u> Obj. (doc. no. 43).  For the
reasons stated below, the motion for summary judgment (doc. no.
37) is granted, Legere's amended § 2254 petition (doc. no. 27)
is denied, and the court declines to issue a certificate of
appealability.

I.   **Background**[1]

A.   **Facts Underlying Legere's Conviction**

1.   The Shooting

In the late evening of June 24, 2006, and the early morning hours of June 25, 2006, Christopher Legere was at Three Cousins, a restaurant and bar in Manchester, New Hampshire.  Legere's girlfriend, Amy Caswell, was working that night as a bartender at Three Cousins, and Legere generally spent the evening there when she was working.  On June 24, 2006, Legere was at the bar socializing and singing karaoke when something drew his attention to the street outside of the bar.

At some point, John Denoncourt rode up on his motorcycle and was talking to Tracy Beardsdell and William Hill outside Three Cousins.  Beardsdell and Hill were arguing because Hill wanted to ride Denoncourt's motorcycle, and Beardsdell felt that Hill was too intoxicated.  Although Denoncourt was not a member of the Hells Angels Motorcycle Club, he was wearing a "Hells Angels support shirt" that evening.  Beardsdell and Hill told

---

[1]The facts and procedural history upon which the court relies have been gleaned from the record before and decisions of the state courts involved in Legere's trial, post-conviction litigation, and appeals.  See Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

Denoncourt that he could not go into Three Cousins wearing a
Hells Angels shirt because Three Cousins had a policy against
its patrons wearing any apparel showing membership in or support
for any motorcycle club.  Denoncourt indicated that he didn't
care.  Legere, who was a member of the Outlaws Motorcycle Club,
was wearing a black Outlaws shirt, but had covered the word
"Outlaws" with tape.

Legere went outside when he, and other Three Cousins
patrons, became aware of the commotion.  A fight or struggle
ensued, involving a number of people, including Legere.  During
that altercation, a number of people saw Legere being held back,
or struggling with, several people.  In the end, Legere shot
Denoncourt in the chest.  Denoncourt tried to leave, but,
approximately 340 feet from the altercation, fell and died from
the gunshot wound.  Legere left the scene in a white sports
utility vehicle, and returned shortly thereafter on his
motorcycle, wearing a different shirt.  Legere helped Caswell at
Three Cousins for a while, and then left.  He was later charged
with Denoncourt's murder.

A number of people present inside and outside Three Cousins
on the night of the shooting testified at Legere's trial.
Daniel Nadeau, a Three Cousins patron, testified that he saw

3

Legere holding a small black gun, and shooting it as he jumped over people. Nadeau stated that he saw Legere point and shoot the gun at an individual running away from the scene. Nadeau also testified that during the shooting, several people were trying to hold Legere back and that one person screamed, "Stop, Buster, Stop." Other witnesses at trial testified that: Legere's nickname is "Buster"; Legere is a member of the Outlaws; the shooter was wearing a black shirt; Legere was wearing a black shirt at the time of the shooting; prior to the shooting, Legere had a hard metal object in his waistband, under his shirt; and after the shooting, someone yelled something to the effect that "Buster shot a Hells Angel" and that everyone should leave because the Hells Angels and/or the police were going to be arriving.

### 2. Expert Testimony

The state called Maryland State Police Lt. Terry Katz as an expert witness to testify about the history of the violent rivalry between the Hells Angels and Outlaws motorcycle clubs, particularly over territorial issues. Lt. Katz testified that the Outlaws and Hells Angels have an antagonistic relationship extending back decades, that has resulted in violence, including gang fights, serious assaults, and homicides. He further

4

testified that intrusion on the territory of one of those clubs by the other would result in a confrontation that could ultimately turn violent.  Lt. Katz explained that both the Hells Angels and the Outlaws consider themselves to be "One Percenters," which Katz explained means that "they exist only by their own rules, not society's."  Katz also told the jury that two of the Outlaws' mottos are "God forgives, Outlaws don't" and "Snitches are a dying breed."

**B.   <u>Procedural History</u>**

    1.   <u>State Court</u>

In 2007, a jury convicted Legere of second degree murder, and Legere was sentenced to serve 45-90 years in prison.  <u>See</u> <u>State v. Legere</u>, No. 06-S-1741, 1742 (N.H. Super. Ct., Hillsborough County N. ("HCSC") May 10, 2007).  The New Hampshire Supreme Court ("NHSC") affirmed Legere's conviction.  <u>See</u> <u>State v. Legere, 958 A.2d 969, 972 (N.H. 2008)</u>.

In 2010, Legere, through court-appointed post-conviction counsel, filed a motion for a new trial ("MNT") in the HCSC, asserting that Legere's trial attorney had failed to provide him with effective assistance of counsel.  The HCSC held an evidentiary hearing on Legere's motion, and Legere moved to amend the MNT.  The HCSC denied both the MNT and the motion to

amend.  See State v. Legere, No. 06-S-1741, 1742 (HCSC Aug. 26, 2011) ("MNT Order")).  The NHSC accepted Legere's discretionary appeal of HCSC's order.  See State v. Legere, No. 2011-0687 (N.H. Feb. 3, 2012).

While the MNT appeal was pending, Legere filed a state habeas petition in the Merrimack County Superior Court ("MCSC"), which that court denied.  See Legere v. Gerry, No. 217-2011-CV-537 (N.H. Super. Ct., Merrimack County Nov. 9, 2011).  The NHSC accepted Legere's appeal of the MCSC order, consolidated it with the MNT appeal, appointed appellate counsel for Legere, and denied Legere leave to file a supplemental pro se brief.  See Legere v. Warden, No. 2012-0074 (N.H. Apr. 2, 2012).  On August 21, 2013, the NHSC affirmed both HCSC's ruling on the MNT and the MCSC order denying the state habeas petition.  See State v. Legere, No. 2011-0687 (N.H. Aug. 21, 2013) ("August 21 NHSC Opinion").

### 2.  Federal Habeas Petition

Legere filed a petition for a writ of habeas corpus in this court before the above-described state proceedings had ended.  This court stayed the petition to allow Legere to exhaust his state remedies as to the claims in his petition.  See Order (doc. no. 6).  The court lifted the stay in November 2013 and

directed service of Legere's Amended Petition (doc. no. 27),
which is the operative pleading in this matter.  See Order (doc.
no. 32).  Respondent has filed a motion for summary judgment
(doc. no. 37) and a supplemental brief in support of that motion
(doc. no. 41).  Legere objects (doc. no. 43).

Legere raises the following claims for relief:

1.   At Legere's trial, the prosecutor engaged in
misconduct during his closing argument, which so infected
the fundamental fairness of the proceedings as to violate
Legere's Fourteenth Amendment due process rights, as
follows:

a.   In his closing argument, the prosecutor
improperly relied on facts that were not supported by
the evidence at trial.

b.   In his closing argument, the prosecutor
improperly asserted his personal opinion as to: (i)
the credibility of certain witnesses, (ii) Legere's
guilt, and (iii) the truth or falsity of certain
evidence.

2.   The trial court improperly admitted in evidence
expert testimony from Maryland State Police Lt. Terry Katz,
concerning the Hell's Angels and Outlaws motorcycle clubs,
in violation of Legere's Fourteenth Amendment due process
right to a fair trial.

3.   Legere was denied his Sixth Amendment right to
the effective assistance of counsel when his trial counsel:

a.   failed to object to the prosecutor's opening
statement and closing arguments, to the extent the
prosecutor: (i) relied on facts not supported by the
trial evidence, and (ii) expressed his personal
opinion as to witness credibility, Legere's guilt, and
the truth or falsity of certain evidence;

7

　　　　b.   failed to object to the admission of expert
testimony concerning the Hell's Angels and Outlaws
motorcycle clubs when that testimony exceeded the
scope of the expert opinion that had been permitted by
the trial court after a pretrial hearing; and

　　　　c.   failed to request a limiting instruction
concerning the appropriate use of the expert testimony
concerning the Hell's Angels and Outlaws.

See Amended Petition (doc. no. 27).


## II.   Discussion

### A.   Standard for Reviewing State Court Decisions

#### 1.   Rulings on the Merits of Federal Claims

A federal court may grant habeas corpus relief "only on the
ground that [a petitioner] is in custody in violation of the
Constitution or laws or treaties of the United States." 28
U.S.C. § 2254(a); see also Cullen v. Pinholster, 131 S. Ct.
1388, 1398 (2011).  When a prisoner brings a claim in federal
court that was adjudicated on the merits in State court
proceedings,

　　　　[f]ederal habeas relief may not be granted . . .
unless it is shown that the earlier state court's
decision was contrary to federal law then clearly
established in the holdings of th[e Supreme] Court; or
that it involved an unreasonable application of such
law; or that it was based on an unreasonable
determination of the facts in light of the record
before the state court.

Harrington v. Richter, 562 U.S. 86, 100 (2011) (internal

quotation marks and citations omitted) (citing 28 U.S.C. §

2254(d)).

> A state court's ruling is contrary to federal law
> either when it adopts a rule that contradicts the
> governing law set forth in the Supreme Court's cases
> or when it reaches a different result from a Supreme
> Court decision under a set of facts that are
> materially indistinguishable.  Even if the state court
> correctly identifies the law, it may unreasonably
> apply the law to the facts of the case.  To be
> unreasonable . . . the application of federal law must
> be more than incorrect or erroneous.  In other words,
> some increment of incorrectness beyond error is
> required.  Finally, we only overturn state court
> factual determinations that are unreasonable in light
> of the record.

Rosenthal v. O'Brien, 713 F.3d 676, 683 (1st Cir. 2013), cert.

denied, 134 S. Ct. 434 (2013) (internal quotation marks and

citations omitted).  The petitioner bears the burden both of

showing that the state court decision is contrary to established

federal law, and of rebutting the presumption of correctness of

state court factual findings by clear and convincing evidence.

See 28 U.S.C. § 2254(e)(1); Cullen, 131 S. Ct. at 1398.

    2.   Procedurally Defaulted Federal Claims

    Respondent argues that certain claims in Legere's petition

must be deemed procedurally defaulted.  "A state court's

invocation of a procedural rule to deny a prisoner's claims

precludes federal review of the claims if, among other
requisites, the state procedural rule is a nonfederal ground
adequate to support the judgment and the rule is firmly
established and consistently followed." Martinez v. Ryan, 132
S. Ct. 1309, 1316 (2012).  A claim may be deemed procedurally
defaulted "if it was not presented to the state courts and it is
clear that those courts would have held the claim procedurally
barred." Pike v. Guarino, 492 F.3d 61, 73 (1st Cir. 2007).
Respondent "bears the burden . . . of persuading the court that
the factual and legal prerequisites of a default . . . are
present." Id. (internal quotation marks and citation omitted).

    A federal court cannot review a procedurally defaulted
claim in a § 2254 petition, unless the petitioner demonstrates
either "actual innocence," or "cause" and "prejudice." Costa v.
Hall, 673 F.3d 16, 25 (1st Cir. 2012) (citation omitted); see
also Lee v. Corsini, 777 F.3d. 46, 58, 62 (1st Cir. 2015).
Cause "'ordinarily turn[s] on whether the prisoner can show that
some objective factor external to the defense impeded counsel's
efforts to comply with the State's procedural rule.'" Costa,
673 F.3d at 26 (quoting Murray v. Carrier, 477 U.S. 478, 488
(1986)).  To prove prejudice, a petitioner must demonstrate that
the violations of federal law "'worked to his actual and

substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Id. (quoting Carrier, 477 U.S. at 494) (emphasis in original).

Unexhausted claims of ineffective assistance of counsel cannot serve as cause for the procedural default of a different claim.  See Lynch v. Ficco, 438 F.3d 35, 46 (1st Cir. 2006).  A petitioner who cannot show prejudice to establish a claim under Strickland v. Washington, 466 U.S. 668 (1984), also cannot meet the "cause and prejudice" standard to excuse a procedural default.  Lynch, 438 F.3d at 49-50.

Legere has raised ineffective assistance of counsel as cause for any procedural defaults of his claims that may have occurred in the state proceedings.  Accordingly, I address Legere's ineffective assistance of counsel claims (Claims 3(a)-(c)) before resolving any other claims that the respondent alleges are procedurally defaulted.

B.  **Ineffective Assistance of Counsel (Claim 3)**

Legere asserts that trial counsel provided him with ineffective assistance by: failing to object to the prosecutor's allegedly improper closing argument (Claims 3(a)(i) and (ii)), failing to object to improper expert testimony (Claim 3(b)), and failing to request that the judge give the jury a limiting

instruction concerning the appropriate use of expert testimony

(Claim 3(c)).  The HSCS rejected each of those claims on the

merits.  See MNT Order.  Legere raised each issue in his notice

of appeal of the MNT Order, but his court-appointed appellate

counsel chose to brief only Claims 3(a)(ii) and 3(c).  As to

those claims -- challenging trial counsel's failure to object to

the prosecution's inclusion of personal opinions during closing

argument and failure to request a limiting instruction -- the

NHSC ruled in favor of the State.  See August 21 NHSC Opinion.

    1.    Legal Standard – Ineffective Assistance of Counsel

> To prove a Sixth Amendment violation based on the failings
> of defense counsel, a petitioner must demonstrate both (1)
> that counsel's performance was deficient, meaning that
> counsel made errors so serious that counsel was not
> functioning as the counsel guaranteed the defendant by the
> Sixth Amendment; and (2) that the deficient performance
> prejudiced the defense.

Scoggins v. Hall, 765 F.3d 53, 56 (1st Cir. 2014) (internal

quotation marks and citations omitted), cert. denied, 135 S. Ct.

1007 (2015).  Counsel is entitled to a "strong presumption that

counsel's conduct falls within the wide range of reasonable

professional assistance."  Strickland, 466 U.S. at 689.  Counsel

will only be found to have provided deficient assistance

"'where, given the facts known [to counsel] at the time,

counsel's choice was so patently unreasonable that no competent

attorney would have made it.'"  Scoggins, 765 F.3d at 57
(quoting Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006)).  To
establish prejudice, petitioner must demonstrate "a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different."
Strickland, 466 U.S. at 694.

    2.   Claim 3(a)(ii)

As to trial counsel's failure to object to the prosecutor's
injection of his personal opinion into his closing argument, the
last reasoned state court decision is the August 21 NHSC
Opinion.  The NHSC, applying a state standard equivalent to
Strickland, found that Legere could not demonstrate actual
prejudice based on personal opinion statements the prosecutor
may have made in closing argument, because "the evidence against
[Legere] was overwhelming."  MNT Order at 11.  The NHSC's
finding concerning the strength of the evidence of guilt is
amply supported by the record and is reasonable.  Further, the
NHSC correctly applied the prejudice prong of the Strickland
standard in its ruling.  Legere has failed to demonstrate that
the NHSC's finding was contrary to, or involved an unreasonable
application of federal law, or that the NHSC unreasonably
determined the facts in the record.  Therefore, Legere is not

entitled to habeas relief on Claim 3(a)(ii), and the motion for summary judgment is granted on that claim.

    3.   Claim 3(c)

As to trial counsel's failure to request a limiting instruction concerning the expert evidence regarding motorcycle gangs, the last reasoned state court decision is also the August 21 NHSC Opinion.  Legere here argues that, without a limiting instruction, the jury was free to consider the expert testimony as evidence that Legere had a propensity for violence and unlawfulness, or for other improper purposes.  At the May 24, 2011, hearing in the HCSC on Legere's MNT, defense counsel testified that his decision not to request a limiting instruction was strategic, and he explained his rationale.  See MNT Order at 6.  The NHSC found that counsel's explanation "reflect[ed] a well-conceived balancing of the relative risks of having the court issue the instruction against its possible benefits," and rejected Legere's claim.  See August 21 NHSC Opinion at 3.  The facts relied on by the NHSC on the issue of counsel's decision concerning a limiting instruction are supported by the record and are reasonable.  Further, the NHSC correctly applied the Strickland standard to the question of whether counsel's actions were reasonable, and thus not of the

kind that would support an ineffective assistance of counsel
claim.  Legere has failed to demonstrate that the NHSC's
decision was contrary to, or involved an unreasonable
application of, established federal law, or that the NHSC
unreasonably determined the facts in the record.  Accordingly,
Legere is not entitled to habeas relief on Claim 3(c), and
summary judgment on that claim is warranted.

### 4.   Procedural Default of Claims 3(a)(i) and 3(b)

Legere claims that his trial counsel was ineffective for
failing to object to the prosecutor's closing argument to the
extent the prosecutor relied on facts that Legere claims were
not supported by the trial evidence, and for failing to object
to both the admission and extent of the expert testimony.  The
HCSC ruled against Legere on both issues in the MNT Order, but
Legere's court-appointed appellate counsel chose not to brief
those issues, and the NHSC denied Legere's motion to file a
supplemental brief addressing the issues.

Citing state court cases indicating that New Hampshire
courts consistently apply the rule that issues not briefed are
waived, see, e.g., State v. Blackmer, 816 A.2d 1014, 1016 (N.H.
2003), respondent argues here that Legere's failure to brief
these two claims in the NHSC appeal should be treated as a

procedural default.  See Pike, 492 F.3d at 73.  Respondent has
carried his burden to demonstrate that the claims at issue have
been procedurally defaulted.

Legere points to appellate counsel's failure to brief those
issues, coupled with the NHSC's decision precluding him from
filing a supplemental pro se brief, as cause and prejudice for
the default.  I examine this argument by first considering
whether Legere was prejudiced by his inability to brief his
claims in the NHSC.

In this instance, the HCSC provided the last reasoned state
court opinion on this claim, and that court determined that the
prosecutor's summation, to the extent it relied on facts Legere
claims were not supported by the trial evidence, was, in fact,
fair argument.  For reasons stated below with respect to Claim
1(a), this court must defer to that finding.  Therefore, Legere
has not carried his burden of showing prejudice with respect to
the failure to brief Claim 3(a)(i) in the NHSC.

As to Claim 3(b), Legere has failed to show prejudice
because the NHSC determined in Legere's direct appeal that the
expert testimony was admissible.  Legere has not shown any
reasonable probability of a different result if Claim 3(b) had
been briefed in the appeal of the MNT Order.  Legere has thus

16

failed to show prejudice with respect to those procedurally defaulted claims.  This court is thus precluded court from granting relief on them, and summary judgment is properly granted on Claims 3(a)(i) and 3(b).

## C.     Prosecutor's Use of Facts Not in Evidence (Claim 1(a))

Respondent moves for summary judgment on Claim 1(a), regarding the prosecutor's reliance on facts not in evidence in his closing argument, on the ground that the claim is procedurally defaulted, thereby precluding federal habeas relief.  The HCSC cited trial counsel's failure to object to the prosecutor's closing argument as to this issue, as an independent ground for that court's order rejecting Claim 1(a) in the new trial proceedings.  See MNT Order at 7-8.  The NHSC did not disturb that ruling on appeal, or otherwise rule on the merits of Claim 1(a).  The cases cited by the HCSC and respondent, see, e.g., Broughton v. Proulx, 880 A.2d 388, 391-92 (N.H. 2005); State v. Ayer, 834 A.2d 277, 286 (N.H. 2003), show that the waiver rule at issue was an independent and adequate state ground for that court's order rejecting Claim 1(a).  See MNT Order at 7, 15.  Accordingly, respondent has shown that Claim 1(a) was procedurally defaulted in the state courts.

Legere has argued that ineffective assistance of trial counsel, in failing to object to the challenged argument, was cause for the default, and resulted in prejudice.  In the MNT Order, however, the HCSC found that the challenged portions of the prosecutor's argument were fair statements based on the evidence at trial and were thus proper.  See MNT Order at 15. The HCSC's findings and conclusions of law on that issue are entitled to deference, as they represent the last reasoned state court decision on that issue, and are reasonable and supported by the record in this case.  See Rosenthal, 713 F.3d at 683. Moreover, that court, applying a Strickland standard, specifically rejected Legere's ineffective assistance of counsel claim arising out of the failure to object to that portion of the prosecutor's argument.  I defer to that application of Strickland to the state court record.

Accordingly, Legere has not shown cause and prejudice arising out of his trial counsel's failure to object to the prosecutor's reliance on facts not in evidence in closing argument.  Nothing in the record suggests any other basis upon which to excuse the procedural default of this claim. Petitioner, therefore, is not entitled to relief on Claim 1(a), and summary judgment is warranted on Claim 1(a).

**D.** **Prosecutor's Personal Opinions (Claim 1(b))**

Legere asserts that during closing argument, the prosecutor expressed his personal opinion of: the credibility of certain witnesses, Legere's guilt, and of the truth or falsity of certain evidence at trial.  None of these allegedly improper comments were objected to at trial, and were thus not preserved for direct appeal.  The claims are thus procedurally defaulted, as discussed above.  See Pike, 492 F.3d at 73 (claim may be deemed procedurally defaulted "if it was not presented to the state courts and it is clear that those courts would have held the claim procedurally barred").

Again, Legere asserts that the cause of the procedural default was his attorney's erroneous failure to object to the improper argument at trial.  For reasons set forth above with respect to Claim 3(a)(ii), Legere has not shown that his counsel's performance was constitutionally deficient.  Cf. Lynch, 438 F.3d at 49-50 (petitioner who cannot show prejudice to establish claim under Strickland also cannot meet the "cause and prejudice" standard to excuse procedural default).  Legere cannot rely on trial counsel's failure to object to the prosecutor's alleged expression of personal opinions in his closing argument to demonstrate cause and prejudice for the

19

procedural default of Claim 1(b).  Accordingly, petitioner is
not entitled to relief on that claim, and summary judgment is
proper on Claim 1(b).

**E.    <u>Expert Testimony (Claim 2)</u>**

Legere challenges the admission at his trial of expert
testimony from Lt. Katz, concerning the Outlaws and Hells
Angels.  Legere alleges that the admission of this testimony
violated his due process right to a fundamentally fair trial
under the Fourteenth Amendment.

Legere did not explicitly raise federal due process claims
concerning the admission of the testimony challenged in Claim 2,
either in the trial court, or on direct appeal.  On direct
appeal, Legere challenged the admission of the expert testimony
under state law, alleging that the prejudicial effect of the
testimony outweighed its probative value.  In its decision
affirming Legere's conviction, the NHSC found that, under state
law, the testimony was properly admitted.  See Legere, 958 A.2d
at 983-84.

As explained above in regard to Claim 1(b), Legere's
federal due process claim concerning the Katz testimony is
procedurally defaulted, as it was not raised on direct appeal.
Further, Legere cannot demonstrate prejudice excusing the

procedural default, as the last state court to rule on whether the evidence itself was prejudicial, the NHSC on direct appeal, ruled that all of the expert testimony was properly admitted. See id. In doing so, the NHSC found, as to the trial court's admission of the evidence, that "[w]hile this evidence was prejudicial, we do not agree that the danger of unfair prejudice substantially outweighed its probative value." Id. at 982. The MNT Court, following the NHSC's opinion, found that Legere's trial counsel was not ineffective for failing to object to the admissible testimony, as the evidence was admissible and the objection would have been overruled. See MNT Order at 6-7. That finding is neither unreasonable, nor contrary to federal law.

Accordingly, Legere has failed to demonstrate "prejudice" to excuse the procedural default of Claim 2. Legere, therefore, is not entitled to relief on Claim 2, and the motion for summary judgment is properly granted on that claim.

**F.    Certificate of Appealability**

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the party." § 2254 Rule 11(a). The court will issue the

certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Legere has failed to make such a showing. Accordingly, the district judge should decline to issue a certificate of appealability in this case.

### III.   <u>Conclusion</u>

For the foregoing reasons, the court orders:

1.   Respondent's motion for summary judgment (doc. no. 37) is GRANTED.

2.   The petition (doc. no. 27) is DENIED.

3.   The court declines to issue a certificate of appealability.

SO ORDERED.


<u>/s/ Paul J. Barbadoro</u>
Paul J. Barbadoro
United States District Judge

March 10, 2015

cc:  Christopher L. Legere
     Elizabeth C. Woodcock, Esq.